Walter E." Hart, J.
The proof upon the trial clearly establishes that the defendant Herman Tanowitz was not a bona fide resident of the State of Florida when the action was instituted *434 by him for a divorce against the plaintiff in the instant action. The defendant continued to accept his salary from the State of New York and continued to make contributions to the State Retirement System without interruption. Furthermore, it appears that he at no time surrendered the living quarters afforded to him by the State in the State hospital. Upon the trial he refused to explain these circumstances and relied upon the privilege against self incrimination.
Defendant has failed to sustain the burden of proof with respect to the defenses of loches and “unclean hands”. A period of less than three years elapsed between the Florida divorce and the institution of the present action for a declaratory judgment.
Plaintiff’s testimony that she did not become aware of defendant’s remarriage until some time in 1959 is credited by the court. Accordingly, the case of Berkley v. Berkley (142 N. Y. S. 2d 273) is inapposite since there plaintiff waited a period of 12 years before instituting suit and in the interim two children were born of the second marriage.
Nor has defendant sustained the burden of proof with respect to the defense of “ unclean hands ”, the defense being predicated on the claim that plaintiff offered to permit a valid dissolution of the marital status for a consideration of $10,000.
It is the opinion of the court that even if these facts were established, they would not constitute such conduct on plaintiff’s part which would debar her of the right to a declaratory judgment, since plaintiff, in effect, would be surrendering her statutory right of election under section 18 of the Decedent Estate Law.
The case of Guibord v. Guibord (2 A D 2d 34) cited by defendant, is readily distinguishable. There, plaintiff husband entered a judgment of separation after the wife procured a foreign decree, the validity of which was challenged by him in an action for a declaratory judgment. In reversing a denial of a motion for a dismissal of the complaint for insufficiency in the action for a declaratory judgment, the Appellate Division emphasized the point that “ the primary fact ” that there was an existing marriage between the parties was established by the judgment in the separation action. The court, therefore, concluded that plaintiff failed “ to demonstrate the usefulness or necessity for a declaratory judgment.”
Accordingly, judgment will be directed for the plaintiff as prayed for in the complaint. Settle judgment on notice.